UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**AUGUSTA EDWARDS,**

        **Plaintiff,**

        v.                             Case No. 08-C-496

**BRIGGS & STRATTON RETIREMENT PLAN,**

        **Defendant.**

**DECISION AND ORDER REGARDING THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

**I. PROCEDURAL HISTORY**

On June 9, 2008, Augusta Edwards ("Edwards") filed a complaint, (Docket No. 1), alleging that Briggs & Stratton Retirement Plan ("Briggs & Stratton") violated Employee Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. On December 29, 2008, Edwards filed a motion for summary judgment, (Docket No. 23), and in support of this motion, the parties submitted a joint statement of agreed facts, (Docket No. 21), and Edwards also submitted her own statement of contested facts, (Docket No. 22).

On January 30, 2009, Briggs & Stratton filed a combined response to Edwards' motion and cross-motion for summary judgment. (Docket No. 25.) Accompanying its motion were its own proposed findings of fact, (Docket No. 28), and a response to Edwards' contested statement of facts, (Docket No. 29). On February 13, 2009, Edwards twice filed the same brief, once in response to Briggs & Stratton's motion for summary judgment, (Docket No. 31), and again as a reply in support of her own motion for summary judgment, (Docket No. 32). On March 2, 2009, Briggs & Stratton

replied to Edwards' response. (Docket No. 36.) The pleadings on the parties' motions for summary judgment are closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

**II. SUMMARY JUDGMENT STANDARD**

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**III. RELEVANT FACTS**

It is undisputed that Edwards was late in filing her appeal of the denial of her claim. She received notice that Briggs & Stratton denied her claim on September 29, 2007, and she was informed that she had 180 days, or until March 27, 2008, in which to appeal the decision. (Docket No. 21 at 5, ¶¶15-17.) On October 9, 2007, Edwards requested copies of the records upon which the denial was based and indicated that she had not yet decided whether she was going to appeal. (Docket No. 21 at 5, ¶18.) On February 4, 2008, Edwards' attorney wrote to Briggs & Stratton and stated that Edwards would be filing an appeal "soon." (Docket No. 21 at 5, ¶19.) Briggs & Stratton wrote back, reminding Edwards of the 180 day deadline, but stating that Briggs & Stratton must receive the appeal no later than March 31, 2008, rather than March 27, 2008 when the 180 day time limit actually expired. (Docket No. 21 at 5, ¶20.) Even with these few additional days, Edwards' appeal was untimely; Briggs & Stratton received Edwards' appeal by way of facsimile on April 11, 2008. (Docket No. 21 at 5, ¶21.) Briggs & Stratton denied Edwards' appeal as untimely. (Docket No. 21 at 5, ¶22.)

**IV. ANALYSIS**

Although not explicitly required by statute, it has long been the law in this circuit that claimants must exhaust their administrative remedies prior to filing suit in federal court for benefits under ERISA. Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 807-08 (7th Cir. 2000) (citing Powell v. AT&T Comm., Inc., 938 F.2d 823, 825 (7th Cir. 1991); Kross v. Western Elec. Co., Inc., 701 F.2d 1238, 1244 (7th Cir. 1983)). "Failure to file a request for review within this limitations period is one means by which a claimant may fail to exhaust her administrative remedies." Id. at 808 (citing Smith v. Blue Cross & Blue Shield United, 959 F.2d 655, 658 (7th Cir. 1992)). "[A] plaintiff is excused from failing to pursue administrative remedies where 1) administrative remedies are not available or 2) pursuing those remedies would be futile." Id. at 808 (citing Robyns v. Reliance

Standard Life Ins. Co., 130 F.3d 1231, 1236 (7th Cir. 1997); Wilczynski v. Lumbermens Mutual Casualty Co., 93 F.3d 397, 402 (7th Cir. 1996); Smith v. Blue Cross & Blue Shield United of Wisc., 959 F.2d 655, 658-59 (7th Cir. 1992)).

Edwards presents no argument that pursuit of her additional remedies would have been futile, and the Seventh Circuit has held that a plan's refusal to consider untimely requests for review does not constitute an unavailability of administrative remedies. Id. (citing Ames v. American Nat'l Can Co., 170 F.3d 751, 756 (7th Cir. 1999)). Rather, Edwards contends that she should be excused from the 180 day deadline because she was "in substantial compliance with the appeal deadline," (Docket No. 23 at 6-7), and she "triggered a request for a full and fair review of the denial of disability retirement benefits," (Docket No. 23 at 7).

Edwards contends that the Supreme Court held in UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 377 (1999), that late appeals must be considered. (Docket No. 23 at 7.) The Court said no such thing. Rather, as it is relevant to this case, the Court held that a state's notice-prejudice statute is not preempted by ERISA. Ward, 526 U.S. at 377. Wisconsin has a notice-prejudice statute which states that "every liability insurance policy shall provide:"

> That failure to give any notice required by the policy within the time specified does not invalidate a claim made by the insured if the insured shows that it was not reasonably possible to give the notice within the prescribed time and that notice was given as soon as reasonably possible.

Wis. Stat. § 632.26(1). Edwards contends that she is entitled to be excused from her late filing under this statutory provision.

Briggs & Stratton argues that this provision is inapplicable because it is codified under a statutory subchapter addressing liability insurance (and notably, by its very terms, indicates it is limited to liability insurance policies). Edwards responds that regardless of its reference to liability insurance, § 632.26(1) is applicable to claims brought under disability insurance policies because of Wis. Stat. § 631.01(1), which states, in relevant part,

4

> This chapter and ch. 632 apply to all insurance policies and group certificates delivered or issued for delivery in this state, on property ordinarily located in this state, on persons residing in this state when the policy or group certificate is issued, or on business operations in this state, except:
> * * *
> (c) As otherwise provided in the statutes.

This court need not decide the scope of § 632.26(1) and whether it is limited to only liability insurance policies, or could be interpreted to cover disability insurance policies. There is also a question of whether it applies to notices of appeal or is just limited to initial claims for benefits. (See Docket No. 26 at 5-6). These questions will not be answered because Edwards has failed to demonstrate that "it was not reasonably possible to give the notice within the prescribed time." In fact, Edwards acknowledges that it "may be true" that she cannot prove that it was not reasonably possible to comply with the 180 day deadline. (Docket No. 31 at 3.) The only reason for the delay that Edwards alludes to is that "it took . . . a significant amount of time to gather relevant evidence and compile a persuasive appeal with citations to applicable precedents." (Docket No. 31 at 3.)

The court has no doubt that gathering relevant evidence and compiling a persuasive appeal may take a significant amount of time. The Department of Labor also agrees with Edwards in this regard. And therefore, in 2000, the Department of Labor amended its rules to extend the minimum deadline for filing an appeal from 60 to 180 days. See 65 F.R. 70246, 70269. 180 days is a significant amount of time and more than ample for a claimant or her attorney to compile necessary records and to craft an appropriate appeal.

Edwards seeks relief under the doctrine of "substantial compliance." However, Edwards is unable to provide any support for her contention that this doctrine should be applied to a claimant in her position. Rather, the only cases she is able to cite refer to instances where courts have excused plans' failures to timely issue decisions in appeals. (Docket No. 23 at 9 (citing Oman v. Intel Corp. Long Term Disability Benefit Plan, 2004 U.S. Dist. LEXIS 21909 (D. Or. 2004) (10 days late); Raithaus v. Unum Life Ins. Co. of Am., 335 F. Supp. 2d 1098 (D. Haw. 2004) (13 days late).) In

5

the cases cited by Edwards, the claimants were requesting that the court to review their claim denials de novo rather than deferentially due to the plans' failures to issue timely denials. The court held in each case that because the plan did issue a substantive, although tardy, decision, de novo review was not appropriate.

The matters at issue in the cases cited by Edwards are materially different from the issue presented in this case and not merely a matter of "when the shoe has been on the other foot," (Docket No. 23 at 9), as Edwards contends. When courts conclude that a plan's 10 or 13 day delay in issuing a decision does not warrant applying a de novo standard of review to the plan administrator's decision, the court does so in recognition of the fact that ERISA requires deference to the judgment of plan administrators. But what Edwards seeks the court to do here is to intervene and to substitute its judgment for that of the plan. Such action would be inconsistent with the policy of deference to plan administrators that underlies ERISA.

It is not the role of the courts to act as a super-appellate body and substitute its judgment for that of the plan. Rather, a federal court's authority in an ERISA action such as this is generally limited to ensuring that the plan has complied with the applicable statutes and rules. Recognizing that deference to the plan is the policy theme underlying ERISA, it is entirely consistent for a court to conclude that a plan's tardy action does not warrant the imposition of a de novo standard of review when the plan administrator's decision is a few days late while at the same time refusing to require the plan to consider a claimant's tardy appeal. Thus, in keeping with the deference owed to the decision of plan administrators, this court finds that it is inappropriate to upset the plan's decision to enforce its deadline in which appeals must be filed.

Finally, the argument could be made that although Edwards' formal appeal was untimely, Briggs & Stratton's obligation to undertake a renewed review of her claim was triggered by some earlier event. In <u>Eppler v. Hartford Life & Accident Ins. Co.</u>, 2008 U.S. Dist. LEXIS 9866 (N.D.

6

Cal. 2008), the court held that although the claimant's formal appeal was untimely, the claimant's timely letter wherein his attorney stated, "Mr. Eppler wishes to appeal The Hartford's decision," should be treated as an appeal, thus triggering the defendant's obligation under the plan to "to make a second, independent review, even if it were based on the same record with no new submissions." Id. at *32.

In the present case, Edwards' attorney sent Briggs & Stratton a similar letter but the language utilized is notably different. In this letter, dated February 4, 2008, Edwards' attorney states, "We will be filing her appeal soon." (Docket No. 21-2 at 31.) This language is unambiguous; the letter is not an appeal but an indication that an appeal will be filed in the future. Therefore, the court concludes that Briggs & Stratton was not obligated to undertake an independent review of Edwards' claim based upon the theory set forth in Eppler.

**V. CONCLUSION**

The facts and the law are clear. Edwards' appeal was untimely and Briggs & Stratton, as it was entitled to do, refused to consider her untimely appeal. A plan is entitled to establish and enforce deadlines, see Gallegos, 210 F.3d at 808, provided those deadlines meet minimum statutory and regulatory requirements, see, e.g., 29 C.F.R. § 2560.503-1(h)(3)(i). Because Briggs & Stratton refused to consider Edwards' untimely appeal, Edwards failed to exhaust her administrative remedies, and therefore, it is not appropriate for this court to review Briggs & Stratton's decision denying Edwards' claim. Accordingly, the court shall deny Edwards' motion for summary judgment and grant Briggs & Stratton's cross-motion for summary judgment.

**IT IS THEREFORE ORDERED** that Edwards' motion for summary judgment, (Docket No. 23), is **denied**.

**IT IS FURTHER ORDERED** that Briggs & Stratton's motion for summary judgment, (Docket No. 25), is **granted**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of May 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
